UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEVEN F. D'AMICO,

    Plaintiff,

v.                                          Case No. 4:19cv445-AW-HTC

STEVEN H. WHEELER, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action by filing a *pro se* civil rights complaint, pursuant to 42 U.S.C. § 1983. ECF Doc. 1. After an initial review of the complaint, the Court finds that the case should be transferred to the Middle District of Florida.

    I.    The Complaint

Plaintiff is a prisoner incarcerated at the Reception and Medical Center ("RMC") located in Lake Butler, Florida. Plaintiff sues the following defendants: (1) Secretary of Florida Department of Corrections, Mark S. Inch; (2) CEO of Centurion, Steven H. Wheeler; (3) Warden of RMC, Joseph Edwards; (4) RMC Medical Director, Ramon Bassa; and (5) Dr. D. Smith. Plaintiff alleges that while at RMC, he was punched from behind by an unknown gang member and suffered a broken jaw. He was taken to RMC's urgent care for medical treatment, and an x-

ray was taken, which confirmed his jaw was broken. However, RMC staff then placed Plaintiff in administrative confinement "for a couple of weeks without any treatment." ECF Doc. 1 at 6. Subsequently, he was, apparently, taken to RMC dental clinic where another x-ray was taken, and Defendant Dr. Smith confirmed that Plaintiff's jaw was broken in two places and that he needed two plates and his mouth wired shut. Plaintiff claims that while at RMC Hospital, he discovered that "anchoring wires [were] woven through top and bottom teeth," and that there was "no practical purpose for them to be there." *Id.* at 8. He claims the wires were "carving up the inside of [his] mouth." *Id.* Plaintiff also claims that Dr. Smith's treatment caused misalignment of his teeth, resulting in Plaintiff talking with a lisp. Plaintiff submitted a grievance to Defendant Edwards, which was denied. He appealed the denial to Defendant Inch, and his appeal was denied.

Plaintiff also alleges that Centurion, through its CEO, Defendant Wheeler, promotes a policy to delay and deny medical care whenever possible to save money. He alleges Inch or his predecessor, Julie Jones, entered into a contract with Centurion that was motivated to save money through reductions and delays in medical services.

II.   Analysis

Under 28 U.S.C. § 1391(b), which applies to actions brought under 42 U.S.C. § 1983, a civil action may be brought in: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is

located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Plaintiff has filed this action in the Northern District. Inch is a resident of Tallahassee. However, the Northern District is not a proper district because all the defendants do not reside in the state of Florida. Instead, Defendant Wheeler, is allegedly the CEO of Centurion, a company allegedly located in Virginia. Thus, venue in this case cannot be based on where one of the Defendants reside. Instead, the proper venue in this case is in the Middle District of Florida because that is where a substantial part of the events (indeed, all of the events) giving rise to Plaintiff's claims occurred. The Middle District is where RMC is located and is where Plaintiff was treated for his broken jaw.

In Plaintiff's response to the Court's show cause order,[1] Plaintiff asks to have this case stay in the Northern District because Defendant Inch is ultimately responsible for the lack of medical treatment Plaintiff received; Plaintiff has suffered retaliation from subordinates of Inch; Inch was put on notice of the delay in

---

[1] *See* footnote 2, *infra.*

Case No. 4:19cv445-AW-HTC

Plaintiff's medical treatments through his grievances; and Inch knew of the long and wide spread practice of delaying medical treatment and failed to stop it. ECF Doc. 4. However, Inch's residence in the Northern District, regardless of his alleged culpability, does not make venue proper in the Northern District.

Also, even assuming that venue is proper in the Northern District, this Court may still transfer the case to the Middle District for convenience of the parties. 28 U.S.C. § 1404 provides that, "for convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The decision to transfer is left to the "sound discretion of the district court and is reviewable only for an abuse of that discretion." *See e.g., Roofing & Sheeting Metal Serv. v. La Quinta Motor Inns,* 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the court, provided that the court give notice to the parties.[2] *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011).

In *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1988), *superseded by statute on other grounds as explained in American Dredging Co. v. Miller*, 510 U.S.

---

[2] Here notice was provided to the Plaintiff prior to the issuance of this report and recommendation and Plaintiff was given an opportunity to show cause why the case should not be transferred. ECF Doc. 3.

Case No. 4:19cv445-AW-HTC

443, 449, n. 2 (1994), the Supreme Court set forth certain factors that the courts should consider in determining whether a transfer under § 1404(a) is appropriate. Those factors include: (1) relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling; and (3) the cost of obtaining attendance of willing, witnesses. *See id.* Those factors, as applied here, weigh in favor of a transfer.

Plaintiff is currently detained at RMC, which is a correctional institution located in the Middle District of Florida. Three of the five defendants are employees of RMC. The delay in medical treatment occurred at RMC. The medical treatment, including the x-rays and the placement of wires in Plaintiff's jaw, was performed at RMC, by employees at RMC. The grievances Plaintiff submitted, and the documents related to his medical treatment, are housed at RMC. Thus, the witnesses and available sources of proof are located in the Middle District. The Middle District is not only the proper venue, but it is also a more convenient forum for the witnesses, Defendants, and the Plaintiff. *See Ivory v. Warden, Governor of Alabama*, 600 F. App'x 670, 676 (11th Cir. 2015) (transfer of the case from the Southern District to the Middle District of Alabama was not an abuse of discretion in light of the location of the defendants and the facility).

Case No. 4:19cv445-AW-HTC

Accordingly, it is respectfully RECOMMENDED:

1. That this case be transferred to the United States District for the Middle District of Florida, pursuant to 28 U.S.C. § 1406(a) or 1404(a).

2. That the clerk be directed to close this file.

At Pensacola, Florida, this 10th day of October, 2019.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.